IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANNA M. MURRAY, | : | CIVIL NO.  4:04-CV-1257 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**August 9, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 13, 2001, the plaintiff, Deanna M. Murray ("Plaintiff" or "Murray"), filed an application for Supplemental Security Income ("SSI") benefits in which she alleged disability since October 31, 2001, due to back and leg pain, as well as depression.  After Plaintiff's claim was denied initially, an administrative hearing was held before an Administrative Law Judge ("ALJ") on April 1, 2003.  On January 9, 2004, the ALJ issued a decision stating that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision.  20 C.F.R. § 416.920(g).  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the decision of the

ALJ the "final decision" of the Commissioner. 42 U.S.C. § 405(g).

Plaintiff filed the instant action in the United States District Court for the Middle District of Pennsylvania on June 9, 2004 for judicial review of the Commissioner's final decision. The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review.

On July 1, 2005 the Magistrate Judge issued a report recommending that Plaintif's appeal from the decision of the Commissioner of Social Security be denied. Objections to the Magistrate Judge's report were due by July 21, 2005. To date, none have been received. This matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. See Thomas v. Arn, 474 U.S. 145, 151-52(1985). In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues contained therein is governed not only by that principle but also by 42 U.S.C. §405(g). In such cases our review is less than plenary. A decision of the Commissioner which is supported by substantial evidence must be affirmed. See Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter s. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).  Therefore, a reviewing court must scrutinize the record as a whole.  See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and, while we have not been presented with any reason to revisit them, we will briefly address some of the salient aspects of this Social Security appeal.

We initially note that the Commissioner has promulgated regulations

creating a five-step process to determine if a claimant is disabled.  This process requires the Commissioner to consider, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairments meet or equal a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work.  See 20 C.F.R. § 404.1520; see also 20 C.F.R. § 416.920.

In a January 9, 2004 decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; Plaintiff's status post laminectomy with chronic pain and removal of hardware, and depression were considered "severe" based on the requirements in the Regulations at 20 C.F.R. § 416.920(c); and those medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  In addition, the ALJ determined that Plaintiff's allegations regarding her limitations were not totally credible; Plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level as specified in the decision; and that there were a significant number of jobs in the national, state, and regional economy that Plaintiff could perform.  The ALJ

therefore concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision.

Magistrate Judge Mannion reviewed the administrative record and concluded that Plaintiff's appeal should be denied.  First, we are in agreement with the Magistrate Judge's determination that the ALJ's conclusion regarding Plaintiff's physical impairments is supported by substantial evidence.  (Rep. & Rec. at 10-12).  Second, although Plaintiff challenges the ALJ's credibility findings as they relate to her subjective complaints of pain, the Magistrate Judge accurately submits that a claimant's subjective symptomatology must be considered and can support a finding of disability; however, the claimant's subjective complaints, without more, do not in themselves constitute disability.  (See Rep. & Rec. at 14-15 (quoting Green v. Schweiker, 749 F.2d 1066, 1071 (3d Cir. 1984)).  The ALJ's determination that the evidence of record does not support Plaintiff's allegations that her pain is of disabling intensity, frequency, and duration is supported by substantial evidence, including Plaintiff's own statements in medical reports.  Third, regarding Plaintiff's argument that once the ALJ found her impairments to be severe, she should have stopped the inquiry rather than seeking the opinion of the vocational expert ("VE"), we agree with the Magistrate Judge that the existence of an impairment, regardless of severity does not, in itself,

warrant a finding of total disability.  (Rep. & Rec. at 17).  As the Third Circuit Court of Appeals instructed, the issue is whether that impairment results in a functional disability that prevents the performance of all substantial gainful activity.  Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990).

In conclusion, our review of this case confirms the Magistrate Judge's determinations and we have not been presented with any reason to revisit them.  Because we find no error in Magistrate Judge Mannion's Report and Recommendation and, because no objections have been filed, we will adopt the Magistrate Judge's findings as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (doc. 11) filed on July 1, 2005, is adopted in its entirety.

2. Plaintiff's appeal of the decision of the Social Security Commissioner is DENIED.

3. The Clerk of Court shall close the file on this case.

s/John E. Jones III
John E. Jones III
United States District Judge